IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED
SEP 17 2019
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| THOMAS ALLT and ADRIANA ALLT, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>TIM J. GEORGE, dba MONTANA MOBILE TRUCK & TRAILER REPAIR; EUGENE TRUCK HAVEN, INC., dba TRUCK N TRAVEL; TA OPERATING MONTANA LLC, dba TRAVEL CENTERS OF AMERICA; and BUSINESS ENTITIES I through X,<br><br>Defendants. | CV 19–98–M–DLC<br><br>ORDER |

Before the Court is Defendant Eugene Truck Haven, Inc., dba Truck N Travel's ("Eugene") Motion to Dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (Doc. 13.) Eugene claims that this Court lacks both general and specific jurisdiction over his claim. Plaintiffs Thomas and Adriana Allt contest the motion only as it applies to specific jurisdiction. For the reason explained below, the Court grants the motion.

**Background**

On May 12, 2018 Thomas Allt was driving southbound on U.S. 95 near Marsing, Idaho when a brake canister from a trailer travelling in the northbound

1

lane broke free and flew through the window of Mr. Allt's truck, striking him in the face.[1] Mr. Allt lost consciousness, his truck overturned, and he was found with severe head and facial injuries. (Doc. 1 at 3.)

An investigation conducted at the scene of the accident revealed that the trailer's fourth right axel chamber had become disconnected from its mounting on the support beam, likely due to rust. Subsequently, Mr. Allt learned that the brake chamber had been improperly repaired. (*Id.* at 5.)

All three Defendants were involved in some manner in repairing the brake canister in the months' prior to the accident. Defendant Montana Mobile Truck & Trailer welded the canister first on August 30, 2016. This weld failed in Oregon, causing Oregon-based Defendant Eugene to make a temporary repair to the canister on June 9, 2017. This second weld failed in Montana. Finally, Defendant TA Operating Montana LLC welded the canister on October 24, 2017, which failed in Idaho, injuring Mr. Allt. (*Id.*)

## Standard of Review

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger*, 374 F.3d at 800 (citing *Sher v. Johnson*, 911 F.2d

---

[1] These facts are taken from the Plaintiffs' Complaint (Doc. 1), and for the purpose of this motion, are assumed to be true. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

2

1357, 1361 (9th Cir. 1990)). The plaintiff's pleading and affidavits "need only make a prima facie showing of jurisdictional facts." *Id.*

## Discussion

Personal jurisdiction is an individual liberty protected by the due process clause. *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). For a federal court to exercise personal jurisdiction over a nonresident defendant, two requirements must be met: jurisdiction must be proper under the state's long arm statute, and jurisdiction must satisfy the constitutional standard. *Schwarzenegger*, 374 F.3d at 800.

Eugene claims that Montana court's construe its long arm statute to the limits of the federal constitution, and correspondingly does not brief whether jurisdiction is proper under Montana's long arm statute. (Doc. 14 at 7.) Plaintiffs argue that this Court's exercise of personal jurisdiction is constitutional, but its brief is silent on Montana's long arm statute, leaving the Court without the benefit of any briefing on the subject. (*See* Doc. 18 at 3–7.)

The first question is whether Montana's long arm statute is coextensive with federal limits. In 2011, the Ninth Circuit "recognized that Mont. R. Civ. P. 4(b)(1), which serves as the state's long-arm statute, permit[s] the exercise of personal jurisdiction over nonresident defendants to the maximum extent permitted by federal due process." *King v. Am. Fam. Mut. Ins. Co.*, 632 F.3d 570, 578–79 (9th

Cir. 2011). However, since that time, the Montana Supreme Court has shifted gear. *Montana Trucks LLC v. UD Trucks N. Am. Inc*, No. CV 12–23–M–DWM, 2016 WL 7388303, at *2 (D. Mont. Dec. 20, 2016).

In *Tackett v. Duncan*, 334 P.3d 920, 925 (Mont. 2014), the Montana Supreme Court addressed, for the first time, the relationship between Montana's long arm statute and the Federal Constitution. After discussing the difference between general and specific personal jurisdiction, the Court explained that "Rule 4(b)(1) of the Montana Rules of Civil Procedure incorporates these principles of general and specific jurisdiction." *Id.* It explained that "[t]he first sentence of the Rule provides for general jurisdiction" while the remainder of the rule provides for specific jurisdiction. *Id.* Parts (A) through (G) of the rule enumerate seven instances where a Montana court may exercise specific personal jurisdiction. Jurisdiction is proper "as to any claim for relief arising from the doing personally, or through an employee or agent, of any of the following acts":

> (A) the transaction of any business within Montana;
> (B) the commission of any act resulting in accrual within Montana of a tort action;
> (C) the ownership, use, or possession of any property, or of any interest therein, situated within Montana;
> (D) contracting to insure any person, property, or risk located within Montana at the time of contracting;
> (E) entering into a contract for services to be rendered or for materials to be furnished in Montana by such person;
> (F) acting as director, manager, trustee, or other officer of a corporation organized under the laws of, or having its principal place of business within, Montana; or

4

(G) acting as personal representative of any estate within Montana.

Mont. R. Civ. P. 4(b)(1).

Since *Tackett*, Montana courts follow a two-step process to determine whether jurisdiction is met. *Milky Whey, Inc. v. Dairy Partners, LLC*, 342 P.3d 13, 17 (Mont. 2015).

> [Courts] first determine whether personal jurisdiction exists under M.R. Civ. P. 4(b)(1). Personal jurisdiction may exist under Rule 4(b)(1) in one of two ways: a party may be found within the state of Montana and subject to general jurisdiction, or the claim for relief may arise from any of the acts listed in Rule 4(b)(1)(A–G) and create specific jurisdiction for the purpose of litigating that particular claim. If personal jurisdiction exists under the first step of the test, [a court] then determine[s] whether the exercise of personal jurisdiction conforms with the traditional notions of fair play and substantial justice embodied in the due process clause. If personal jurisdiction does not exist under the first part of the test, further analysis under the second part of the test is unnecessary.

*Montana Trucks LLC*, 2016 WL 7388303, at *2 (quoting *Milky Whey*, 342 P.3d at 17).

Turning to the analysis under Montana's long arm statute, Plaintiffs have not alleged that Eugene transacted any business in Montana. Rather, Plaintiffs allege that Eugene sells fuel and repairs trucks in Oregon knowing that many of these trucks will drive into Montana. (Doc. 18 at 4.) However, "direct[ing] services to Montana" (*id.*) is not "transacting business *in* Montana," Mont. R. Civ. P. 4(b)(1)(A).

5

Nor did the tort "accrue" in Montana. Under Montana law, a tort "accrues" in the place of the injury-causing event. *Bi–Lo Foods, Inc. v. Alpine Bank, Clifton*, 955 P.2d 154, 157–58 (Mont. 1998); *Ascencio v. Phillips Agency, Inc.*, No. CV 16-64-M-DLC, 2016 WL 9461796, at *4 (D. Mont. Aug. 16, 2016). Here, the injury causing event occurred in Idaho when the brake canister failed.

In *Rodoni v. Royal Outdoor Products, Inc.*, this Court examined whether a defectively designed railing that was manufactured outside of Montana and caused injury to a plaintiff in Montana satisfied the requirements under Montana's tort accrual provision. No. CV 19-17-M-DLC, 2019 WL 2300400, at *1–2 (D. Mont. May 30, 2019). The defendants alleged that the injury-causing event occurred where the product was designed and manufactured. *Id.* at *2. The plaintiffs argued that the injury-causing event occurred in Montana when the product failed. *Id.* This Court explained that "in the context of a design defect, the injury causing event occurs (and the tort "accrues") when the product injures the consumer." *Id.* This is because "not all defectively designed products will fail and cause injury to consumers." *Id.* This Court rejected the alternate interpretation that a claim for a design defect "accrues" at the place of manufacture, service or assembly as "legally indefensible." *Id.* For example, to say that a defective tire that explodes in Montana and injures a Montana consumer "accrued in Japan when Bridgestone

manufactured the tire in question, years before the injury, or that the tort accrued in Japan at the time the tire was sold," simply does not make sense. *Id.* (quoting *Joss v. Bridgestone Corp.*, No. CV-08-68-BLG-RFC, 2009 WL 1323040, at *7–8 (D. Mont. May 11, 2009)). Nor is it consistent with Montana law. *See Bunch v. Lancair Intern., Inc.*, 202 P.3d 784, 795 (Mont. 2009) (holding that personal jurisdiction was established under Montana's tort accrual provision over a nonresident airplane-kit manufacturer when the allegedly defective airplane crashed in Montana killing the plaintiff).

Though the case here involves negligence and not strict products liability, the comparison is apt. Plaintiffs allege that Eugene conducted a faulty repair of a brake canister, sent the trailer back onto the interstate highway where it ultimately injured Mr. Allt. (Doc. 18 at 4.) These facts would provide for personal jurisdiction over Eugene in Montana if the accident that caused injury to Mr. Allt had occurred in Montana. However, in accordance with Montana law and this Court's prior interpretation of its long-arm statute, the tort "accrued" in Idaho when the brake canister failed and caused injury to Mr. Allt.

Turning to the remainder of the statute, Plaintiffs have not alleged that Eugene has any property interest in Montana nor did it contract to insure any risk in Montana. Plaintiffs do not allege that Eugene ever contracted for services to be rendered or materials delivered to Montana. Nor is Eugene a company organized

7

under Montana law or with its principal place of business in Montana. Finally, Plaintiffs do not allege that Eugene is a personal representative of any estate in Montana.

Because personal jurisdiction is not proper under Montana's long arm statute, in accordance with the Montana Supreme Court's test, the Court will not address whether personal jurisdiction may be exercised under the Federal Constitution. *Milky Whey*, 342 P.3d at 17.

IT IS ORDERED that Defendants' motion (Doc. 13) is GRANTED.

DATED this 17th day of September, 2019.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court